## No. 666

## SCHNEIDER v. COLLET, et.

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 785. Decided July 21, 1927.

**753. MEASURE OF DAMAGES — 513. False Representations—997. Real Estate.**—Where seller of real estate represents that Building & Loan Association will loan $5,000 on it, and in fact they loan only $4,300, verdict for $700 damages is excessive.

Error to Common Pleas.

Judgment modified and affirmed.

First Publication of this Opinion

BY THE COURT.

Schneider sought to recover from the Collets, upon certain promissory notes in the sum of $1,000 with interest. He also sought the foreclosure of a mortgage given to secure said notes. The Collets admitted the execution of the notes and mortgage and the unpaid balance due as set forth in the petition. They set up three affirmative causes of action.

1. A claim for the sum of $450.20 because of certain misrepresentations as to the construction of the building sold to them by Schneider.

2. The second cause of action relates to the false representation as to the amount of money that the Gem City Building & Loan Association would loan on said property, it being averred that it was represented that the Association would loan $5,000, when in fact they only loaned $4,300 the difference being made up by other collateral certificates. They seek to recover $700 in this respect.

3. The third cause of action alleges certain defects in the building of said property so sold by the plaintiff to the defendants, to the plaintiff's damage in the sum of $695.

The jury in the trial court rendered a verdict in favor of plaintiff for the full amount of his claim, and a verdict in favor of the defendants in the full amount of their claim.

We are of the opinion that the verdict and judgment in behalf of the defendants below was excessive in the amount of $700. We are unable to see wherein the defendants were damaged by the failure to obtain $5,000 on the property instead of $4,300, and we think that to this extent the damages of the defendant below were duplicated. The defendants should remit the sum of $700 from said judgment in their favor. Otherwise said judgment in favor of the defendants below, must be reversed and the cause remanded for a new trial.

Judgment accordingly.

(Ferneding, Kunkle and Allread, JJ., concur).

Attorneys—Buckhart, Heald & Pickrel for Schneider; Estabrook, Finn & McKee for Collet, et; all of Dayton.